ANTHONY CIPOLLA and CLAUDIO AREZZO, Doing Business as A. CIPOLLA & COMPANY, Appellants, *v.* ENRICO SCERNO and NARCISO SCERNO, Doing Business as FAUSTO, SCERNO & FIGLI, Respondents.

First Department, June 2, 1922.

Principal and agent — action by seller against agents on contract for purchase of goods — burden on agents to show existence of principal and their authority where defense is that they were acting as agents — mere statement at close of transaction that another person was buyer not sufficient.

In an action to recover damages for the breach of a contract for the sale of goods to the defendants in which the defense interposed was that the defendants, who were residents of and had their principal place of business in Italy, were acting as agents for a disclosed principal, the burden of proof is upon the defendants to establish the existence of their alleged principal and their authority to act for him and that burden is not sustained where the only proof that the defendants were acting as agents for a principal was a cable by the defendants to the plaintiffs, at the close of the transaction, naming a person residing in Italy as the actual buyer of the goods.

APPEAL by the plaintiffs, Anthony Cipolla and another, from a judgment of the Supreme Court in favor of the defendants, entered in the office of the clerk of the county of New York on the 12th day of March, 1920, upon the verdict of a jury rendered by direction of the court, and also from an order setting aside the verdict of a jury in favor of the plaintiffs.

*Abraham Lipton* of counsel, for the appellants.

*Sullivan & Cromwell* [*Emery H. Sykes* of counsel], for the respondents.

SMITH, J.:

The plaintiffs entered into a contract with the defendants, whereby the plaintiffs sold to the defendants 40,000 cases of salmon for which the defendants agreed to pay seven dollars and forty cents a case upon the arrival of the salmon in New York. The plaintiffs are copartners and the defendants are copartners having their principal place of business in Genoa, Italy. The contract was entered into through certain letters and cablegrams between the plaintiffs and defendants. At the close of the transaction the defendants named Gerolamo Peschiera, of Genoa, as the actual buyer, for whom the defendants were acting, and stated that they were telegraphing credit. The sale was to be upon a confirmed credit with New York bankers. No such credit was established. The court submitted to the jury whether the contract was made with the defendants as the

principals or as agents for other principals, charging the jury that if the contract was made by the defendants, as agents, the plaintiffs, as reasonably careful, prudent and experienced men, should have known that they were agents, and that the plaintiffs cannot recover in this action. The jury found a verdict for the plaintiffs. Upon a reserved motion for a directed verdict on behalf of the defendants this verdict was set aside and a verdict was directed for the defendants.

The defendants offered no evidence upon the trial as to the fact of the agency, except such evidence as may be found from the cable of the defendants that they were not the buyers of the goods. It seems clear that the defendants cannot escape liability upon their contract by naming some other party as the buyer of the goods without showing that there was, at least, such a party in existence, and, also, that they were authorized to act for that party. There is not the slightest evidence that this Peschiera was a living person. He may have been a fictitious person, named by the defendants for the purpose of escaping liability on the part of the defendants. There must be some proof, in other words, that the defendants had a principal before the agents can be relieved from liability by reason of their acting as the agents of such a principal. The case is wholly barren of any proof that there was a principal in existence or of any proof that the defendants were authorized to act for such principal, and for that reason the verdict as directed must be set aside. We are of opinion, however, that the defendants should be allowed to make proof of the fact of agency and direct a new trial of the issues.

The judgment should be reversed and a new trial granted, with costs to appellants to abide the event.

CLARKE, P. J., PAGE, MERRELL and GREENBAUM, JJ., concur.

Judgment reversed and new trial ordered, with costs to appellants to abide the event.